# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-61823-CIV-ALTMAN/Hunt

**ZALAK CHETAN MEHTA**,

    Plaintiff,

v.

**IQLOGG, INC.**,

    Defendant.

_____/

## ORDER

**THIS MATTER** comes before the Court upon the Plaintiff's Renewed Motion for Approval of Parties' Settlement Agreement and Dismissal with Prejudice, filed on October 8, 2019 ("Renewed Motion") [ECF No. 14]. The Court has carefully considered the Motion, the Settlement Agreement [ECF No. 12-1], and the applicable law.

Before a court may approve a compromised FLSA settlement, it must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). The Plaintiff says the parties have agreed to settle this lawsuit for $13,000.00. *See* Settlement Agreement ¶ 2. That total comprises $6,222.00 to the Plaintiff ($3,111.00 for unpaid overtime wages and $3,111.00 for liquidated damages) and $6,778.00 to the Plaintiff's counsel for attorneys' fees and costs. *Id.*

In his Renewed Motion, Plaintiff's counsel indicates that his hourly rate is $400.00 per hour. *See* Billing Statement, Elliot Kozolchyk, Esq. [ECF No. 14-1 at 2]. Counsel also explains that he spent 17.3 hours working on this case. *Id.* at 1-2. The Court finds counsel's hourly rate

somewhat excessive and concludes that a rate of $375.00 is more appropriate here. *See Echavarria v. Am. Valet Parking*, No. 14-80770-CIV, 2015 WL 12746113, at *2 (S.D. Fla. July 1, 2015) (finding that $375.00 per hour is "at the high end of the range of rates charged in the Southern District of Florida for . . . FLSA lawyers"). Moreover, the Billing Statement detailing counsel's work reveals that counsel spent one hour "reviewing" the Court's denial of the Motion for Approval of the Parties' Settlement Agreement [ECF No. 13] and "preparing" the Renewed Motion. *Id.*

The Court will not award attorneys' fees for counsel's correction of errors he himself made in the filing of the initial motion because those fees would be "excessive and redundant." *See Leblanc v. USG7, LLC*, No. 612CV1235ORL41TBS, 2016 WL 1358529, at *2 (M.D. Fla. Apr. 6, 2016) (fees that "arise only out of [counsels'] need to correct their mistakes" are "excessive and redundant") (citing *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000) ("[T]ime devoted to correcting one's own errors should not be reimbursable.")).

Therefore, the total amount of recoverable attorneys' fees is $6,112.50. Additionally, the Plaintiff seeks to recover $556.00 in costs, including filing and process server fees, which the Court finds reasonable. Billing Statement at 2. Accordingly, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The Motion [ECF No. 14] is **GRANTED in part and DENIED in part**. The amount of recoverable attorneys' fees shall be $6,112.50. If the parties wish to file an Amended Motion for Approval of the Settlement Agreement, they may do so by **October 18, 2019**.

2. The Settlement Agreement [ECF No. 12-1] is otherwise **APPROVED** as a fair and

    reasonable resolution of the parties' FLSA dispute.

3. This case is **DISMISSED with prejudice**, with each party to bear its own costs and fees except as otherwise agreed.

4. All other pending motions are **DENIED as moot**.

5. The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 11th day of October 2019.

                                               **ROY K. ALTMAN**
                                               **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record